## McWHIRTER v. PENNY.

### Opinion delivered April 1, 1907.

1. REPLEVIN—TITLE.—To maintain replevin, plaintiff must show that he is entitled to the immediate possession of the property. (Page 246.)

2. TENDER—EFFECT AS ADMISSION.—Where there was a dispute as to whether the right of possession of certain property was in plaintiff or not, but there was no dispute that plaintiff was to receive a part of the proceeds of the sale of such property, a tender by defendant of a sum admitted by him to be due to plaintiff is not an admission that the right of possession of the property was in plaintiff. (Page 247.)

Appeal from Greene Circuit Court; *Allen Hughes,* Judge; affirmed.

#### STATEMENT BY THE COURT.

Appellee's intestate, Hampton, had an arrangement with appellant whereby appellant was to furnish appellee money with which to buy junk; also appellant was to furnish a lot upon which to put the same. Hampton claimed the right under the contract to ship the iron. He was to find a purchaser for the junk, and after same was sold appellant was to have six dollars per ton of the purchase price, and Hampton was to get all that the junk brought over $6 per ton. Hampton loaded the junk on a car to be shipped away from Paragould, when appellant replevied same. Hampton gave bond, retained possession, and shipped the junk away.

The evidence tended to prove the above facts on behalf of appellee. Appellant adduced proof tending to show that Hampton was not to ship the junk away from Paragould, but was to

find a purchaser for it there; that the junk was owned by appellant.

It was admitted on the trial in the circuit court that Hampton had tendered to appellant after the suit was instituted the sum of $28.50, but that such sum did not include the cost that had accrued at the time.

The court instructed the jury as follows: "There is one principal question in this case; that is as to who is entitled to the possession of this property; and it is essential to the maintenance of a replevin suit that the man who brings the suit is entitled to immediate possession of the property. The plaintiff attempted to seize on a writ of replevin. It seems that in this case it was old iron, and that defendant gave a cross-bond and kept the iron and shipped it. If the original contract was that the title was to remain in McWhirter, then he was entitled to immediate possession. On the other hand, if there was no such contract, he was not entitled to immediate possession. You are to say whether or not that is the contract. Defendant admits that there should be a money judgment of $28.50, and perhaps I ought not to burden the jury with that. The question is as to who was entitled to immediate possession of the property. You may just say: 'We, the jury, find that the plaintiff, McWhirter, was entitled to the possession of the property,' or, 'We, the jury, find that Hampton was entitled to the possession of the property,' and say nothing about the other; and I understand it is claimed by the plaintiff, McWhirter, that he was to ship the property, and if the man Hampton was undertaking to exceed his rights, and the contract was that the plaintiff was to ship it, and not Hampton, then Hampton would not have the right to ship, and McWhirter would have a right to the immediate possession of the property."

The plaintiff asked the court to instruct the jury that if it found from the evidence that during the pendency of the suit before the justice the defendant made a tender of the sum of $28.50 to plaintiff or his attorneys as a settlement of the amount which was due McWhirter by reason of the sale of the junk, which had been made by him after giving cross-bond in the action, such tender would be conclusive of the amount which plaintiff would be entitled to recover in the case by way of alter-

native judgment against the defendant and his sureties upon the cross-bond. This the court refused, and exceptions were saved.

The jury returned a verdict in favor of appellee's intestate, Hampton.

The appellant asked the court to make findings of fact that Hampton tendered to appellant the sum of $28.50, but that this amount did not include the cost to the time of making such tender, and to declare the law that this tender was conclusive upon appellee's intestate, so far as the amount was concerned, and that McWhirter was entitled to recover this amount by way of alternative judgment against Hampton and the sureties upon the said cross-bond, and, also, as same did not include costs at the time it was made, that plaintiff below would also be entitled to recover all costs in addition to the amount named.

Appellant objected, and duly saved his exceptions. Motion for new trial, reserving exceptions saved at the trial, was overruled. Judgment was entered for appellee for costs.

This appeal followed.

*Johnson & Huddleston,* for appellant.

1. Having made the tender, appellee's intestate admitted liability to the amount tendered, and it is conclusive against him as to the amount. 19 Ia. 84; 37 Ia. 409; 45 Cent. Digest, § 60.

2. Since the tender did not include the costs accrued to that time, it was not binding on appellant, and he was under no compulsion to accept it. 8 N. H. 367; 1 Swan (Tenn.) 92. See, also, 56 Ark. 450.

*W. W. Bandy,* for appellee.

1. The only issue was the right to immediate possession. In order to recover, it was necessary for appellant to prove this right. 11 Ark. 249; *Ib.* 275; 17 Ark. 449.

2. The effect of the tender was a question of law for the court, and could have no bearing on this litigation.

Wood, J., (after stating the facts.) The court properly narrowed the issue under the facts of this case to the question of who was entitled to the possession of the property. To maintain replevin, it was incumbent upon appellant to show that he was entitled to the immediate possession of the property. *Carpenter*

v. *Glass,* 67 Ark. 135; *Beebe* v. *DeBaun,* 8 Ark. 510; *Prater* v. *Frazer,* 11 Ark. 249; *Britt* v. *Aylett,* 11 Ark. 475; *Wallace* v. *Brown,* 17 Ark. 449. There were no formal pleadings, but upon the affidavit and proof the only issue was the right to the immediate possession. The court submitted this upon a correct declaration of law.

The question of the tender was not conclusive of this issue at all. It was only proper to be considered, in the absence of explanation, in the way of evidence as an admission, but the appellee's intestate had explained that appellant was to get the proceeds of the sale of the junk to the amount of six dollars per ton, under their contract, and this tender might have been considered as referable to a disposition upon the part of Hampton to pay appellant what was due him from the sale of the junk. It certainly did not conclusively determine who was entitled to the possession of the property at the time of the institution of the suit. The court did not err in refusing to declare the law and find the facts as requested by appellant.

Affirm the judgment.